Umarov v. Lynch

BIA
Poczter, IJ
A088 427 584

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of August, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

KHUSAN BALTABAEVICH UMAROV, AKA
KHASAN UMAROV,
> *Petitioner,*

> v.                                              14-1114
>                                                 NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Tatiana S. Aristova, Plainsboro, New Jersey.

FOR RESPONDENT:          Joyce R. Branda, Acting Assistant
                         Attorney General; Julie M. Iversen,
                         Senior Litigation Counsel; Annette
                         M. Wietecha, Trial Attorney, Office
                         of Immigration Litigation, U.S.
                         Department of Justice, Washington,
                         D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Khusan Baltabaevich Umarov, a native and citizen of Uzbekistan, seeks review of a March 18, 2014, decision of the BIA affirming an April 18, 2012, decision of an Immigration Judge ("IJ"), denying Umarov's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Khusan Baltabaevich Umarov*, No. A088 427 584 (B.I.A. Mar. 18, 2014), *aff'g* No. A088 427 584 (Immig. Ct. N.Y.C. Apr. 18, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as modified and supplemented by the BIA. *See*

2

*Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I.  Withholding of Removal and CAT Relief

Substantial evidence supports the agency's determination that Umarov was not credible.  The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008).

Here, the agency reasonably relied on the fact that Umarov previously submitted an asylum application that he now admits was false, and that was inconsistent with his present application.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (holding that an asylum applicant's presentation of "a single false document or a single instance of false testimony

3

may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence . . . [and] may also influence the IJ's assessment of . . . the credibility of the petitioner."); *see also Xiu Xia Lin*, 534 F.3d at 166-67.

In addition, Umarov does not challenge the IJ's finding that his testimony regarding his alleged arrests was inconsistent with his second asylum application. That finding, standing alone, would support the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008); *see also Xiu Xia Lin*, 534 F.3d at 166-67.

Having questioned Umarov's credibility, the agency reasonably relied further on his failure to provide evidence corroborating his claims. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given Umarov's submission of a false application, his inconsistent statements, and his failure to corroborate, the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Siewe*, 480 F.3d at 170.

4

Umarov's claims for withholding of removal and CAT relief were both based on the set of facts that the IJ found not to be credible.  Accordingly, that determination is dispositive of those claims.  *See* 8 U.S.C. § 1231(b)(3)(C); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).[1]

## II.  **Motion for a Continuance**

Umarov further argues that the IJ violated his due process rights when she denied his request to continue proceedings to permit his sister, whom he failed to list as a witness in advance of the hearing, to testify.

An IJ's denial of a request for a continuance does not ordinarily implicate a constitutional claim, since "IJs are accorded wide latitude in calendar management," and such decisions are reviewed "under a highly deferential standard of abuse of discretion."  *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006).  An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and abuses her discretion in denying a continuance only if "(1) h[er] decision

---

[1]  Umarov does not challenge the agency's denial of his application for asylum, and accordingly, he has waived that issue.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005).

rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) h[er] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551-52 (internal quotation marks, brackets, and citation omitted).

Moreover, "[t]o establish a violation of due process, an alien must show that []he was denied a full and fair opportunity to present h[is] claims or that [he was] otherwise deprived … of fundamental fairness." *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks and citations omitted). "Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (internal quotation marks and citations omitted).

The IJ provided Umarov a full and fair opportunity to present his sister's testimony. Umarov was in proceedings before the immigration court for almost four years. At a June

6

2011 hearing, the IJ scheduled an individual hearing for March 1, 2012, and directed Umarov, who was present and represented by counsel, to file a witness list by February 1, 2012. Umarov, however, failed to submit a witness list in advance of that deadline. Rather, he waited until the day of his hearing to file a motion requesting additional time to prepare such a list. By doing so, Umarov violated the Immigration Court Practice Manual ("Manual"), which provides that "filings must be submitted at least fifteen (15) days in advance of the hearing," Manual, § 3.1(b)(ii)(A), and warns that "[t]he untimely submission of a filing may have serious consequences, . . . [specifically,] if a witness list is untimely, the witnesses on the list are barred from testifying," *id.* § 3.1(d)(ii). Under these circumstances, the IJ was not required to delay proceedings to provide Umarov additional time to obtain and present evidence that had been available for years (his sister having resided in the United States since 2002). *See Morgan*, 445 F.3d at 553; *cf. Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (providing that "the alien bears the ultimate

burden of introducing such evidence without prompting from the IJ.").

Umarov also failed to demonstrate that he was prejudiced as a result of the IJ's denial of his motion.  As the BIA noted, he has not indicated how his sister's testimony would have rehabilitated his credibility in light of his submission of a false asylum application.  *See Garcia-Villeda*, 531 F.3d at 149; *cf. Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994) ("In order for [petitioner] to show that his attorney's failure to file caused him actual prejudice, he must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application."). Accordingly, the IJ did not abuse her discretion or violate Umarov's due process rights in denying him a continuance.  *See Morgan*, 445 F.3d at 551-52; *Burger*, 498 F.3d at 134; *Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8